**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NANCY DANFORTH, KRISTINA FRITSCH, and KIM WILSON, *on behalf of himself and all others similarly situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> TOWN SPORTS INTERNATIONAL, LLC, INC. and TOWN SPORTS INTERNATIONAL HOLDINGS, INC., D/B/A NEW YORK SPORTS CLUBS, BOSTON SPORTS CLUBS, WASHINGTON SPORTS CLUBS, PHILEDELPHIA SPORTS CLUBS, PALM BEACH SPORTS CLUBS, LIV FITNESS, LUCILLE ROBERTS, CHRISTIE'S FITNESS, and TOTAL WOMAN GYM AND SPA, <br><br> Defendants. | Civil Action No. 20-cv-03195-(VSB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TOWN SPORTS INTERNATIONAL HOLDINGS, INC.'S MOTION FOR DISMISSAL OF PLAINTIFFS' CLASS ACTION COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(1) and (b)(6)**

**GORDON REES SCULLY MANSUKHANI, LLP**
*Attorneys for Defendants Town Sports International Holdings, Inc. and Town Sports International, LLC,*
500 Mamaroneck Avenue, Suite 503
Harrison, New York 10528
Phone: (914) 777-2225
Fax: (914) 709-4566

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ...................................................................................... 3

    A.    Parties ......................................................................................... 3

    B.    Contractual Terms Regarding Service Disruptions ............................... 3

    C.    Events after Closures on March 16, 2020 ......................................... 4

LEGAL ARGUMENT ........................................................................................... 5

POINT I .......................................................................................................... 5

    STANDARD OF REVIEW ............................................................................ 5

POINT II ......................................................................................................... 6

    PLAINTIFFS' FAIL TO STATE CLAIMS FOR STATUTORY FRAUD ..................... 6

    A.    New Jersey Law ......................................................................... 6

    B.    New York Law ........................................................................... 8

POINT III ........................................................................................................ 9

    PLAINTIFFS' FAIL TO STATE CLAIMS FOR BREACH OF CONTRACT ............... 9

    A.    Massachusetts Law ..................................................................... 9

    B.    New Jersey Law ......................................................................... 10

    C.    New York Law ........................................................................... 11

POINT IV ........................................................................................................ 12

    PLAINTIFFS' FAIL TO STATE CLAIMS FOR UNJUST ENRICHMENT ................. 12

POINT V ......................................................................................................... 13

    PLAINTIFFS' AMENDED COMPLAINT WARRANTS DISMISSAL
    BECAUSE THEY LACK ARTICLE III STANDING ........................................... 13

POINT VI ........................................................................................................ 15

    PLAINTIFFS' CANNOT ESTABLISH JURISDICTION UNDER THE CLASS
    ACTION FAIRNESS ACT ............................................................................ 15

CONCLUSION .................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Abdullahi v. Pfizer, Inc.*,
    562 F.3d 163 (2d Cir. 2009) ................................................. 5

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
    671 F.3d 140 (2d Cir. 2011) ................................................. 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................. 5, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................. 5

*Biospherics, Inc. v. Forbes, Inc.*,
    989 F.Supp. 748 (D. Md.1997)................................................ 6

*Blockbuster, Inc. v. Galeno*,
    472 F.3d 53 (2d Cir. 2006) ................................................... 15

*Blum v. Yaretsky*,
    457 U.S. 991 (1982)................................................................. 13

*Brooks v. AIG SunAmerica Life Assur. Co.*,
    480 F3d 579 (1st Cir. 2007)................................................... 9

*Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am.*,
    195 N.J. 231 (2008) ............................................................... 11

*Cnty. Comm'rs of Caroline Cnty v. J. Roland Dashiell & Sons, Inc.*,
    358 Md. 83 (2000) ................................................................. 12

*Cutrone v. Mortgage Electronic Registration Systems, Inc.*,
    749 F.3d 137 (2d Cir. 2014) ................................................. 15

*Czar, Inc. v. Heath*,
    198 N.J. 195, 966 A.2d 1008 (2009) ................................... 7

*Doyle v. Hasbro, Inc.*,
    103 F.3d 186 (1st Cir. 1996)................................................. 9

*Gibbs v. SLM Corp.*,
    336 F. Supp. 2d 1 (D. Mass 2004) ...................................... 9

*Habitzreuther v. Cornell Univ.*,
    No. 5:14-cv-1229, 2015 WL 5023719 (N.D.N.Y. Aug. 25, 2015).......................... 11

*Harsco Corp. v. Segui,*
  91 F.3d 337 (2d Cir. 1996) ............................................................................. 11

*Hershey Foods Corp. v. Ralph Chapek, Inc.,*
  828 F.2d 989 (3d Cir. 1987) ........................................................................... 12

*IDT Corp. v. Morgan Stanley Dean Witter & Co.,*
  12 NY3d. 132 (2009) ....................................................................................... 12

*Kampf v. Franklin Life Ins. Co.,*
  33 N.J. 36 (1960) ............................................................................................ 10

*Lemelledo v. Beneficial Mgmt. Corp. of Am.,*
  150 N.J. 255 (1997) ........................................................................................... 7

*Lewis v. Casey,*
  518 U.S. 343 (1996) ........................................................................................ 13

*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992) ........................................................................................ 13

*Makarova v. United States,*
  201 F.3d 110 (2d Cir. 2000) ........................................................................... 15

*Manahawkin Convalescent v. O'Neill,*
  217 N.J. 99 (2014) ................................................................................... 10, 11

*MCI Worldcom Communs., Inc. v. Dep't of Telcoms. & Energy,*
  442 Mass. 103 (Mass. 2004) .......................................................................... 10

*Okmyansky v. Herbalife Int'l of Am., Inc.,*
  415 F.3d 154 (1st Cir. 2005) .......................................................................... 12

*Radin v. Albert Einstein Coll. of Medicine of Yeshiva Univ.,*
  No. 04-CV-704, 2005 WL 1214281 (S.D.N.Y. May 20, 2005) ..................... 11

*Robinson v. Overseas Military Sales Corp.,*
  21 F.3d 502 (2d Cir. 1994) ............................................................................. 15

*Seaco Ins. Co. v. Barbosa,*
  435 Mass. 772 (Mass. 2002) .......................................................................... 10

*Shulman v. Chaitman LLP,*
  392 F.Supp.3d 340 (S.D.N.Y. 2019) ............................................................. 15

*Simon v. Eastern Ky. Welfare Rights Organization,*
  426 U.S. 26 (1976) .......................................................................................... 13

*U.S. Bank Nat. Ass'n v. Ables & Hall Builders*,
    582 F. Supp. 2d 605 (S.D.N.Y. 2008) ........................................................ 5

*Vieira v. First Am. Tit. Ins. Co.*,
    668 F. Supp.2d 282 (D. Mass 2009) ..................................................... 9, 10

*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*,
    517 F.3d 104 (2d Cir. 2008 ...................................................................... 5

*W.R. Huff Asst. Mgmt. Co., LLC v. Deloitte & Touche LLP*,
    549 F.3d 100 (2nd Cir. 2008) ................................................................. 13

*Warth v. Seldin*,
    422 U.S. 490 (1975) ................................................................................. 13

**Statutes**

28 U.S.C. 1332 .............................................................................................. 2, 15

ALM GL ch. 98 § 82 ......................................................................................... 14

N.J.S.A. § 56:8-1 ................................................................................................ 6

N.J.S.A. § 56:8-26 to -38 .................................................................................... 7

N.J.S.A. § 56:8-39 to -48 .................................................................................... 7

N.J.S.A. § 56:8-42 ................................................................................. 1, 2, 7, 14

N.J.S.A. § 56:8-46 ............................................................................................... 7

New York General Business Law § 349 ............................................................ 8

New York General Business Law § 624 ....................................................... 8, 14

**Other Authorities**

U.S CONST. art. III .................................................................................... 13, 14

U.S CONST. art. III, § 2 ..................................................................................... 13

**Rules**

Fed. R. Civ. P. 12 ................................................. 1, 2, 5, 6, 7, 9, 11, 12, 13, 15, 16, 17

Fed. R. Civ. P. 56 ................................................................................................ 6

## PRELIMINARY STATEMENT

On April 23, 2020, this case was assigned to this Court because it is similar to *Namorato et. al. v. Town Sports International, LLC et. al.* (Docket No.: 1:20-cv-02580) ("*Namorato*"), which case is also before this Court. This case involves the same contractual terms and legal claims as asserted in the Amended Class Action Complaint in *Namorato*. Thus, TSI files the same motion herein as filed in *Namorato* on May 11, 2020. After TSI's filing, the Court ordered plaintiffs in *Namorato* to file an amended pleading by June 1, 2020 or else the Court would decide TSI's motion without opportunity to amend the pleadings.

Defendants Town Sports International Holdings, Inc. ("TSI") submit this Memorandum of Law in Support of its Motion for Dismissal of the Class Action Complaint ("Compl.") of Plaintiffs Nancy Danforth, Kristina Fritsch and Kim Wilson pursuant to Fed. Civ. P. 12 (b)(1) and (b)(6) for failure to state a claim

Plaintiffs' legal theory of liability is based on an assumption that health clubs are obligated to give prorated refunds in the event of unintended forced closures. This position is meritless. Plaintiffs' claims fatally flawed because TSI is and has been in compliance with the consumer regulatory laws that govern health club services. Thus there is no controversy or injury for the Court to address.

Each state in which Plaintiffs reside have enacted consumer-oriented regulations governing health club services, which regulations *expressly* address situations, like the current, when a health club is forced to close. Each state has different ways in which health clubs can refund members without violating the consumer laws. In New Jersey, TSI has satisfied the states' refund regulations by extending Plaintiffs' membership agreements to compensate for the loss of services. *See* N.J.S.A. § 56:8-42(h) (providing that, after 30 days of closure, a member is entitled to *either* a prorated refund *or* extended membership). TSI has extended memberships to

New Jersey members on April 9, 2020 (*See* Compl ¶ 28-29) in compliance with N.J.S.A. § 56:8-42(h), thus plaintiff Kim Wilson's claims against TSI are meritless and frivolous.  In New York and Massachusetts, health club members are entitled to a prorated refund for fees charged during a closure but only after members express intent to cancel by submitting written notification by certified mail.  To date, Plaintiffs have not submitted written notification of cancellation by certified mail.  Moreover, a reasonable health club consumer could choose *not* to cancel their membership for a prorated refund because, on April 9, 2020, TSI had further compensated all members by extending their memberships and upgrading memberships to Passport Elite status. *See* Compl ¶ 28-29.

Based on the state consumer protection laws at issue, TSI's Membership Agreements and TSI's remedial actions to date, the Court should find that Plaintiffs have failed to state a claim for statutory consumer fraud, breach of contract and unjust enrichment and dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The Court should also find that Plaintiffs lack Article III standing, warranting further dismissal of the Amended Complaint pursuant Fed. R. Civ. P. (b)(1).  Lastly, Plaintiffs' Amended Complaint warrants dismissal because Plaintiffs fail to satisfy the jurisdictional requirements of Class Action Fairness Act, 28 U.S.C. 1332(d).

Therefore, TSI respectfully requests that the Court dismiss Plaintiffs' Complaint, with prejudice.

## STATEMENT OF FACTS

### A.      Parties

As alleged in the Plaintiffs' Complaint, TSI is the owner and operator of a network of health clubs in the Eastern United States (under such brands as New York Sports Club, Boston Sports Club, Washington Sports Club, and Philadelphia Sports Club). Compl. ¶ 1.

Plaintiffs are members of TSI's health clubs in Massachusetts, New Jersey and New York. Members enter into a written membership agreements upon joining.  *See* Compl. ¶ 6-8.

### B.      Contractual Terms Regarding Service Disruptions

TSI did not guarantee members that there would be no service disruptions.  The Membership Agreements executed by members contained the following notice under the heading Paragraph 2.4 "Closings:"  "[F]rom time to time, a part of a Club or the entire facility will be temporarily unavailable while repairs, renovations or special events take place. . . ."  *See, e.g.*, **Exhibit A**—NY Membership Agreement.[1]

In the event of a service disruption, the Membership Agreements provided remedial terms depending on the state of membership, which are summarized below:

In Massachusetts, TSI and members agreed to the following terms: If the health services are "not available because the seller. . .permanently discontinues operation of the health club or location or substantially changes the operation of the health club or location," members have the right to cancel their membership agreement.  **Exhibit C**—MA Membership Agreement.  In order

---

[1] Counsel received notice that service was effectuated on defendant Town Sports International Holdings, Inc. late last week and thus has not had sufficient opportunity to locate named plaintiffs' membership agreements.  However, Plaintiffs Danforth (MA), Fristsch (NY), and Wilson (NJ) assert the same contract and statutory fraud claims as the plaintiffs Namorato (NY), Kernan (MA) and Sosa (NJ).  Therefore, given the insufficiency of time, TSI relies upon the membership agreements attached as exhibits to TSI's Rule 12(b)(6) motion filed in *Namorato*.

the cancel, the Membership Agreement provided:  "You may cancel your Month-to-Month Membership at any time by (1) giving notice at the club and obtaining a cancellation receipt or (2) sending a written notification by certified or registered mail to the club at the address set forth above."  *Id.*

In New Jersey, TSI and members agreed to the following terms: If the health services are "cease to be offered as stated in this contract for a period of longer than 30 days," members have a right to cancel their membership agreement.  **Exhibit B**—NJ Membership Agreement.  In order the cancel, the Membership Agreement provided:  "If you choose to cancel this contract, you must either: (1) Send a signed and dated written notice of cancellation by registered or certified mail, return receipt requested; or (2) Personally deliver a signed and dated written notice of cancellation to the address stated above." *Id.*

In New York, TSI and members agreed to the following terms:  If the health services "cease to be offered as stated in this contract," members have a right to cancel their membership agreement.  *See, e.g.,* **Exhibit A**—NY Membership Agreement.  In order to cancel the contract, Plaintiffs are required to deliver "written notification" of their cancellation request to One Highpoint Drive, Chalfont, PA 18914 or to the home gym by "certified or registered mail."  *Id.*

## C.    Events after Closures on March 16, 2020

On March 16, 2020 at 8:00am, TSI was forced to close its fitness clubs for an indeterminate amount of time due to the pandemic.  *See* Compl. ¶ 25.  TSI was not at fault for the closures.  *See id.*

Admittedly, in their complaint, none of the Plaintiffs delivered written notification of cancellation after the closures.  On or about April 9, 2020, TSI froze all membership agreements

(meaning no further monthly charges until future time) and provided membership extensions to all members, including membership upgrades. *See* Compl. ¶ 28-29.

Despite the clear and unambiguous terms of the Membership Agreement and TSI's conduct of freezing, upgrading and extending terms of all memberships on or about April 9, 2020, Plaintiffs alleged sustaining economic injury because TSI breached the Membership Agreement and engaged in consumer fraud. For reason argued below, Plaintiffs have failed to state a claim which relief may be granted in their respective states.

## LEGAL ARGUMENT

## POINT I

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim that relief is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether a complaint states a plausible claim for relief, district courts are instructed to conduct a two-part analysis. *First,* the factual and legal elements of a claim should be separated. *Id.* The District Court must accept all well-pleaded facts as true, but may disregard any legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-4 (2009). Next, a District Court must determine whether the facts alleged are sufficient to show that the plaintiff has a plausible claim for relief. *Id.* at 664. In other words, a complaint must do more than allege a plaintiff's entitlement to relief – it must show such an entitlement with its facts. *Abdullahi v. Pfizer, Inc*., 562 F.3d 163, 169 (2d Cir. 2009); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co*., 517 F.3d 104, 115 (2d Cir. 2008; *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008). As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 665.

Additionally, Rule 12(b) provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12. However, an exception to the general rule is made for documents which are referred to in the Complaint and upon which plaintiff relies in bringing the action. *Biospherics, Inc. v. Forbes, Inc.*, 989 F.Supp. 748, 750 (D. Md.1997). Here, Plaintiffs' Complaint relies on the Membership Agreements. Thus, the Court may look to these documents without converting TSI's Motion to Dismiss into a Motion for Summary Judgment.

## POINT II

### PLAINTIFFS' FAIL TO STATE CLAIMS FOR STATUTORY FRAUD

The Complaint contains Counts for consumer fraud in each of Plaintiffs' states, except for Plaintiff Danforth who does not assert a consumer fraud claim under Massachusetts' law. For reasons below, the Court should find that Plaintiffs' consumer fraud claims warrant dismissal under Rule 12(b)(6) because TSI's conduct in addressing the forced closures complies with each states' consumer protection laws governing health clubs.

**A.      New Jersey Law**

In Count Four of the Complaint, Plaintiff Wilson asserted claims under the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1 *et. seq.*. The only fact asserted in support of this statutory violation is that TSI charged Plaintiff membership fees "during a period in which

TSI did not provide Gym Access because all the clubs were closed due to COVID-19." *See* Compl. ¶ 60.

Plaintiff Wilson's CFA claim warrants dismissal because he failed to plead a violation of HCSA, N.J.S.A. § 56:8-42(h).  CFA was passed "to protect consumers 'by eliminating sharp practices and dealings in the marketing of merchandise and real estate." *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255, 263 (1997).  The HCSA is one of several expansions to the CFA made by New Jersey's Legislature, which were added "to address particular areas of concern and to include them specifically within [the CFA's] protective sweep." *Czar, Inc. v. Heath*, 198 N.J. 195, 201, 966 A.2d 1008 (2009) (*citing* N.J.S.A. § 56:8-26 to -38 (regulating resale of tickets to "places of entertainment"); N.J.S.A. § 56:8-39 to -48 (regulating health club contracts).  A violation of any of these expansion sections of the CFA is considered an "unlawful practice" under the CFA. See N.J.S.A. 56:8-46 ("It is an unlawful practice and a violation of [the CFA] to violate the provisions of this act.");

HCSA requires TSI to compensate members for if "a health club facility is closed for a period longer than 30 days. . . ." in a specific manner.  *See* N.J.S.A. § 56:8-42(h).  TSI is permitted to refund members by either "extend[ing] the contract for a period equal to that during which the facility is closed" *or* a prorated refund.  *Id.*  TSI has satisfied the HCSA by providing Plaintiff Wilson an extension on his membership.  Compl. ¶ 28-29.  Plaintiff Wilson's CFA claim is expressly contradicted by N.J.S.A. §56:8-42(h) where extended memberships constitutes a fair and equitable resolution of the unforced closures.

Therefore, TSI requests the Court dismiss Count Four of the Complaint pursuant to Rule 12(b)(6).

B.      **New York Law**

In Count Three of the Complaint, Plaintiff Fritsch asserted a claim under New York General Business Law § 349.  The only fact asserted in support of this statutory violation is that TSI charged Plaintiff membership fees "during a period in which TSI did not provide Gym Access because all the clubs were closed due to COVID-19." *See* Compl. ¶ 55.

Plaintiff Fritsch's deceptive practice claims under GBL § 349 warrant dismissal because he failed to plead a violation of New York's Health Club Services Law ("HCS"), N.Y. Gen. Bus. Law § 624.  GBL § 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of service in this state."  N.Y. Gen. Bus. Law § 349(a).  New York has also enacted HCS to govern consumer protection laws within the fitness industry. *See id.* at § 620.  Pursuant to GBL § 624(3), HCS provides that members can cancel their membership agreement "after the [health] services are no longer available or substantially available as provided in the contract because of the seller's permanent discontinuance of operation or substantial change in operation."  To cancel a membership agreement, HCS provides members must mail "by registered or certified United States mail" written notification of cancellation to TSI.  N.Y. Gen. Bus. Law § 624(2).  After cancelling their membership, Plaintiff is entitled to receive a prorated refund for the service disruption.  *Id.* § 624(3).

Plaintiff Fritsch's allegation that TSI engaged in deceptive practices is expressly contradicted by GBL § 624(3) and his pleadings.  Moreover, TSI is not obligated under the HCS to provide Plaintiff Fritsch a prorated refund until he first send written notification of cancellation—which he never did.  Plaintiff thus has failed to state a claim for unlawful practices under GBL § 349.

8

Therefore, TSI requests the Court dismiss Counts Three and Four of the Complaint pursuant to Rule 12(b)(6).

## POINT III

## PLAINTIFFS' FAIL TO STATE CLAIMS FOR BREACH OF CONTRACT

In Count One of the Complaint, Plaintiffs broadly alleged TSI breached "the membership agreements by charging Plaintiffs. . . fees during a period in which [TSI] did not provide Gym Access" due to due to COVID-19. *See* Compl. ¶ 45.  For reasons below, the Court should find that Plaintiffs' breach of contract claims warrant dismissal under Rule 12(b)(6) because TSI's conduct in addressing the forced closures complies with the clear and unambiguous terms of the contract.

### A.     Massachusetts Law

Under Massachusetts' law, a properly pled breach of contract claim demonstrates that "a valid contract existed, the defendant breached the terms of the contract, and the plaintiffs sustained damages as a result of the breach." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007).  A plaintiff's failure to plead the elements of a breach of contract claim warrants dismissal of the claim pursuant to Rule 12(b)(6).  *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1 (D. Mass 2004) (dismissing plaintiff's breach of contract claim pursuant to Rule 12(b)(6) because plaintiff's pleading is devoid of any allegations that a specific contract term was actually breached).  "It is not enough to allege, in a conclusory fashion, that the facts demonstrate a breach of contract." *Vieira v. First Am. Tit. Ins. Co.*, 668 F. Supp.2d 282, 289 (D. Mass 2009).  It is "essential [for plaintiff] to state with 'substantial certainly' the facts show the existence of the contract and legal effect thereof." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194-95 (1st Cir. 1996) (affirming dismissal of breach of contract claim where the complaint neither

explained what obligations that alleged contract imposed on each of the parties, nor presented 'the terms of a contract, its duration, or even when it was formed").

Moreover, where the express terms of the contract repudiate plaintiff's pleadings, "there is, in short, no breach of the express terms of the contract." *Vieira*, 688 F. Supp. 2d at 589. Interpretation of an unambiguous contract is a matter of law and may, therefore, be done at the motion to dismiss stage. *See Seaco Ins. Co. v. Barbosa*, 435 Mass. 772 (Mass. 2002) (citations omitted). In determining the meaning of any particular contractual term, a court is to look to the agreement as a whole as well as to the context of its creation. *See MCI Worldcom Communs., Inc. v. Dep't of Telcoms. & Energy*, 442 Mass. 103 (Mass. 2004) (citations omitted).

Applying Massachusetts' law, the Court should find that Plaintiff Danforth failed to state a breach of contract claim. Pursuant to the clear and unequivocal terms in the membership agreement, TSI was not contractually obligated to freeze Plaintiff Danforth's membership. *See, e.g.,* **Exhibit C**—MA Membership Agreement. The clear terms of contract unequivocally contradicts Plaintiff Danforth's pleadings. Therefore, the Court should find that Plaintiff Danforth has failed to state a claim for breach of contract.

**B.    New Jersey Law**

Under New Jersey Law, a court is to "enforce contracts based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract." *Manahawkin Convalescent v. O'Neill*, 217 N.J. 99, 118 (2014) (citations and internal quotation marks omitted). Thus, when the terms of the contract are clear, it is the function of a court "to enforce it as written and not to make a better contract for either of the parties." *Kampf v. Franklin Life Ins. Co.*, 33 N.J. 36, 43 (1960) (citation omitted). In discerning the meaning of provision in a contract, "the plain language is ordinarily the most direct route," *Chubb Custom*

*Ins. Co. v. Prudential Ins. Co. of Am.*, 195 N.J. 231, 238 (2008).  When "the language of a contract is plain and capable of legal construction, the language alone must determine the agreement's force and effect," *Manahawkin*, *supra*, 217 N.J. at 118.

Applying New Jersey law, the Court should find that Plaintiff Fritsch failed to state a breach of contract claim.  Pursuant to the clear and unequivocal terms in the membership agreement, TSI was not contractually obligated to freeze Plaintiff Fritsch's membership.  *See, e.g.,* **Exhibit B**—NJ Membership Agreement.  The clear terms of contract unequivocally contradicts Plaintiff Fritsch's pleadings.   Therefore, the Court should find that Plaintiff Fritsch has failed to state a claim for breach of contract.

**C.    New York Law**

Under New York law, there are four elements to a breach of contract claim: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).  "'[T]o state a valid claim for a breach of contract, a plaintiff must state when and how the defendant breached the specific contractual promise.'"  *Radin v. Albert Einstein Coll. of Medicine of Yeshiva Univ.*, No. 04-CV-704, 2005 WL 1214281, at *10 (S.D.N.Y. May 20, 2005). Therefore, "[c]onclusory allegations that a defendant breached an agreement are insufficient to support a breach of contract claim." *Habitzreuther v. Cornell Univ.*, No. 5:14-cv-1229, 2015 WL 5023719, at *5 (N.D.N.Y. Aug. 25, 2015).  "When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or

of which plaintiff had knowledge and relied in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Applying New York law, the Court should find that Plaintiff Wilson failed to state a breach of contract claim. Pursuant to the clear and unequivocal terms in the membership agreement, TSI was not contractually obligated to freeze Plaintiff Wilson's membership. *See, e.g.,* **Exhibit A**—NY Membership Agreement. The clear terms of contract unequivocally contradicts Plaintiff Wilson's pleadings. Therefore, the Court should find that Plaintiff Wilson has failed to state a claim for breach of contract

Therefore, TSI requests that the Court dismiss Count One of the Complaint pursuant to Rule 12(b)(6).

## POINT IV

## PLAINTIFFS' FAIL TO STATE CLAIMS FOR UNJUST ENRICHMENT

In Count Two of the Complaint, Plaintiffs assert unjust enrichment claims based on the same factual pleadings to support their breach of contract and statutory fraud claims. In all the states of Plaintiffs' membership, the law is the same. Plaintiffs are precluded from claiming unjust enrichment when a binding contract exists. *Hershey Foods Corp. v. Ralph Chapek, Inc.,* 828 F.2d 989, 999 (3d Cir. 1987); *Cnty. Comm'rs of Caroline Cnty v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 96 (2000); *Okmyansky* v. *Herbalife Int'l of Am., Inc.*, 415 F.3d 154, 162 (1st Cir. 2005); *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 NY3d. 132, 142 (2009).

Therefore, TSI requests that the Court dismiss Count One of the Complaint pursuant to Rule 12(b)(6).

## POINT V

## PLAINTIFFS' AMENDED COMPLAINT WARRANTS DISMISSAL BECAUSE THEY LACK ARTICLE III STANDING

Plaintiffs' Complaint warrants dismissal pursuant to Rule 12(b)(6) because Plaintiffs have failed to demonstrate an actual controversy.

Under Article III of the Constitution, plaintiff only has standing to invoke the jurisdiction of federal courts to resolve actual "cases" or "controversies." U.S CONST. art. III, § 2; *Warth v. Seldin*, 422 U.S. 490, 501 (1975). To demonstrate constitutional standing under Article III, a plaintiff must establish: (1) an injury-in-fact; (2) that is fairly traceable to the defendant's allegedly unlawful conduct; and (3) that is likely redressable "by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "These requirements ensure that a plaintiff has a sufficiently personal stake in the outcome of the suit so that the parties are adverse." *W.R. Huff Asst. Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2nd Cir. 2008). An injury-in-fact must be "concrete and particularized," "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. This standard assures plaintiff has "personally suffered an injury." *W.R. Huff Asset Mgmt. Co.*, 549 F.3d at 107.

Styling a complaint as a class action does not dispense the requirement of Article III standing. *Lewis v. Casey,* 518 U.S. 343, 357 (1996); *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40 (1976) ("That a suit may be a class action ... adds nothing to the question of standing ...."). Each named plaintiff in a class action "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and purport to represent." *Simon*, 426 U.S. at 40; *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) ("It is not enough that the conduct of which plaintiff

13

complains will injure someone. The complaining party must also show that he is within the class of persons who will be concretely affected.").

Applying the above legal standards, the Court should find that Plaintiffs lack Article III standing for several reasons:

For members in New Jersey (Plaintiff Fritsch), they cannot assert an actual injury as a result of TSI's alleged unlawful conduct because TSI is extending membership contracts due to the closures. *See* Compt. ¶ 28-29. After thirty-days of closure (i.e. April 16, 2020), TSI fully satisfied the remedial regulations of New Jersey's HCSA by providing extensions to their contracts. *See* N.J.S.A. § 56:8-42(h) (providing that, after 30 days of closure, a member is entitled to *either* a prorated refund *or* extended membership).

For members in Massachusetts and New York, they cannot assert an actual injury as a result of TSI's alleged unlawful conduct because (1) they never submitted written notification of cancellation and (2) their membership is no longer being charged after the freeze on April 9, 2020. The health club regulations in these two states provide members can elect to receive a prorated refund during a closure (instead of receiving a membership freeze and extension), but they must first cancel their membership by sending written notification by certified mail. *See* N.Y. Gen. Bus. Law § 624(3); ALM GL ch. 98 § 82 (providing the same remedial measures in event of closures as New York). To date, Plaintiffs in these two states have not submitted written notification of cancellation—thus there is no controversy or injury for the Court to address.

Therefore, given that Plaintiffs have failed to set forth a legal right to a prorated refund, the Court should dismiss Plaintiffs' entire Amended Complaint because they lack Article III standing.

14

## POINT VI

## PLAINTIFFS' CANNOT ESTABLISH JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the party asserting the jurisdiction has the burden of proving it exists. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58-59 (2d Cir. 2006). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiffs seek diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d).  Compl. ¶ 18.   Under CAFA, a federal court has jurisdiction to hear cases involving "(1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states." *Shulman v. Chaitman LLP*, 392 F.Supp.3d 340, 350 (S.D.N.Y. 2019) (citing *Cutrone* v. *Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137, 142 (2d Cir. 2014).  To satisfy jurisdictional limit, plaintiff must show that there is a "reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." *Shulman*, 392 F.Supp.3d at 354. There is a rebuttable presumption that the complaint provides a "good faith representation" of the amount in controversy. *Id.* To rebut this presumption, a defendant would need to show "to a legal certainty" that plaintiff's claims do not reach the required jurisdictional amount. *Id*

To support the judicial amount requirement, Plaintiffs alleged TSI "boasts 605,000 gym members" who pay monthly fees up to $100.  Compl. ¶ 7 and 14.  Based on this membership count, Plaintiffs assume TSI is obligated to provide every member a $50 prorated refund, which

amounts to about $30,250,000.  *Id.*  Plaintiffs' jurisdictional pleadings fail to support a credible presumption that they can satisfy this jurisdictional requirement.  After a cursory read of the various health club consumer regulations and TSI's Membership Agreements, the Court can find legal certainty that Plaintiffs' presumptions are legally meritless and baseless.  As argued above, none of the members in Pennsylvania, Maryland and New Jersey are entitled to a prorated refund because TSI has extended all membership agreements.  Thus, none of memberships in these three states can be used to support Plaintiffs' burden to prove jurisdiction under CAFA.

While members in Massachusetts and New York are entitled to a prorated refund should they elect this remedy, Plaintiffs have not presented any fact to create a presumption that 100,000 members in New York and Massachusetts have submitted written notification of cancellation.

Therefore, the Court should find that Plaintiffs have failed to establish a "reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million" and dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

## CONCLUSION

Based on the foregoing, TSI respectfully requests the Court dismiss Plaintiffs' Amended

Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6).


Dated: New York, New York
         May 26, 2020

                                   Respectfully submitted,
                                   *Attorneys for Defendants*
                                   *Town Sports International Holdings, Inc. and*
                                   *Town Sports International,  LLC*

                                   GORDON REES SCULLY MANSUKHANI, LLP

                                   By:  */s/ Peter G. Siachoso*
                                            Peter G. Siachos

                                   One Battery Park Plaza, 28th Floor
                                   New York, New York 10004
                                   Tel: (973) 549-2532
                                   psiachos@grsm.com

17